UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JULIUS SHELTON, | |
| Plaintiff, | |
| v. | Case No. 2:23-CV-309 JD |
| RAT CATCHER, | |
| Defendant. | |

### ORDER

Julius Shelton filed a motion to proceed in forma pauperis in the instant matter. (DE 2.) The Court issued an order noting it was unclear whether it had proper jurisdiction over this matter, and instructing Mr. Shelton to supplement his complaint with the necessary information to establish jurisdiction. (DE 3.) Mr. Shelton subsequently filed an amended complaint attempting to comply with the Court's instructions. (DE 4.) However, for the reasons below, the supplemental filing is still insufficient to establish diversity jurisdiction exists in this matter and the Court is obligated to dismiss Mr. Shelton's case without prejudice.

The factual background of this case is that Mr. Shelton seeks to bring a state law claim for defamation against an unknown individual, with the Facebook username "Rat Catcher," who made allegedly defamatory statements against Mr. Shelton on Facebook. (*See* DE 1, DE 4.) As outlined in the Court's prior order, for this claim to proceed in federal court Mr. Shelton must establish this court has diversity jurisdiction. (DE 3 at 1–2.) That is, the plaintiff and defendant must be citizens of different states, and the amount in controversy must exceed $75,000. (*Id.* at 2; 28 U.S.C. § 1332(a)(2)).

The problem is that he does not know the identity of "Rat Catcher" and in effect seeks to sue him or her as a John Doe defendant. However, John Doe defendants are not permitted in federal diversity suits because the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship. *Howell by Goerdt v. Trib. Ent. Co.*, 106 F.3d 215, 218 (7th Cir. 1997). Lacking knowledge of the identity of the proper defendant does not excuse this requirement. *See id*; *Rouben v. Parkview Hosp., Inc.*, No. 110-CV-397, 2010 WL 5027562, at *1 (N.D. Ind. Dec. 3, 2010) ("The clearly established requirement that diversity jurisdiction be pled on personal knowledge means that the plaintiff must actually state the identity of the 'John Doe' Defendants to establish their citizenship — one cannot allege they have personal knowledge of the citizenship of unknown parties.").

To remedy this issue, the Court's prior order instructed Mr. Shelton to provide (1) the name of the defendant he is suing and (2) the state citizenship of that defendant. To his credit, Mr. Shelton has attempted this by providing a screen capture of "Rat Catcher's" Facebook page which indicates they are "From Chicago, Illinois" to establish this individual is a citizen of Illinois. (DE 4-1.) Mr. Shelton also indicates he seeks leeway to use the discovery process to discern the true identity of "Rat Catcher". (DE 4 at 4.) However, Mr. Shelton has crucially not provided the true identity of the defendant which precludes this case from continuing.

Ultimately, the Court cannot modify the requirements for diversity jurisdiction and without the identity of "Rat Catcher" Mr. Shelton cannot continue to pursue this claim in federal court.[1] *Rouben*, 2010 WL 5027562 at *1 ("The clearly established requirement that diversity jurisdiction be plead on personal knowledge means that the Plaintiff must actually state the

---

[1] The Court would emphasize that this order dismissing his federal case is without prejudice. That means it does not impair Mr. Shelton's rights to pursue his claim in state court.

identity of the "John Doe" Defendants to establish their citizenship—one cannot allege they have personal knowledge of the citizenship of unknown parties.")

Accordingly, the Court DENIES the motion to proceed in forma pauperis, DISMISSES this case without prejudice due to lack of jurisdiction, and DIRECTS the Clerk to close this case.

SO ORDERED.

ENTERED: November 28, 2023

                                                   /s/ JON E. DEGUILIO
                                                  Judge
                                                  United States District Court